In tliis case the court decided the same poi:it, in relation to the act-; and ordinance,- as is decided in the case of Horiston vs. City Council ante 345; also, that,
The power of the Citv Council to lay taxes and assessments, for the purposes’ of pavemems, drams, &c. in Charleston, without the intervention of a jurj-', is as constitutional as the general power of the Legislature to lay taxes upon the people of the state. It is a part of the gc neral sovereign power conferred upon the corporation.
Under a general power to the City Council to make such assessments on the inhabitants, and to appoint all such officers as may be necessary and requisite for carrying into effect the power conferred, it is not a valid objection to an assessment that it was made by the officers of the corporation, and not by the. corporation itself; for the City Council, within the limits of the city, is in ilie nature of a legislative body, for the purpose of devising and making all by-laws, and those acting under them, ministerial officers or agents, for carrying them into execution; besides these assessments arc submitted, first, to the approbation of the Council and approved, and any cue has a right to make liis ob ■ jectioiis before the Council. — It.